## Ann Coldham v. American Casualty and Security Co.

1. Refusal of Company to Furnish Blanks Shows an Excuse for not Averring that Proofs were Furnished.

   Refusal of an insurance company to furnish blanks for proof of loss without assigning a reason therefor, shows an excuse for not averring that proofs were furnished.

2. Insurance Policy Attached to Petition may be Referred to in Deciding Demurrer.

   If a petition on a policy of insurance attaches a copy and expressly makes it part of the petition, it may be referred to for the purpose of deciding a demurrer.

Error to the Court of Common Pleas of Wood county.

Scribner, J.

The plaintiff in error, as plaintiff below, brought an action against the defendant in error, as the beneficiary of an accident policy upon the life of James Coldham, who, the petition alleges, died on January 7, 1892, from a fall by slipping on an icy sidewalk on January 5, 1892 the petition having been filed February 23, 1893, over thirteen months after the accident. The petition, after alleging the incorporation of the defendant company under the laws of Maryland, and the issuance by it to said decedent of the policy, states that "a copy of the policy is hereto annexed and marked 'Exhibit A,' and made part of this petition." And it further states that said accident policy was issued to James Coldham in his lifetime, on August 19, 1891, * * and insured the said James Coldham for the term of twelve months against voilent and accidental injuries, which would cause death within ninety days from the time of the happening of such accident;" * * that on January 5, 1892, the said James Coldham slipped and fell on an icy sidewalk, which fall caused a rupture of the blood vessels of the brain; that he was paralyzed, and two days after the accident, on January 7, 1892, died from the effects thereof; that immediately after the accident every effort was made on the part of the plaintiff to find a person or persons who witnessed it, but without success, and not until February 6, 1893, after the exercise of the utmost diligence on her part was a person found who saw the accident. Immediately notice was given to the local agent of the defendant and also the general agent of the company at New York city, of the fact of the accident, and also demand was made of local and general agents for the necessary blanks to make proof of death by accident, which blanks were refused. Plaintiff further says it was impossible for her, under the circumstances, to notify the company within the time limited by the conditions of the said policy, and that immediately she was in possession of sufficient facts and had knowledge that the death of the said James Coldham was caused by accident, she notified the defendant thereof. That said James Coldham up to the time of his death complied with all the conditions of his contract of insurance by virtue of said policy on his part to be performed, and had paid all money due thereunder; that demand of payment has been made, but no part thereof had been paid.

A copy of the policy was attached to the petition which among other things provides: "This policy is issued subject to the conditions on the back thereof. Its terms are not waivable by agents, and any modification thereof shall not be valid unless indorsed upon the policy by the president, vice-president, or the general managers."

Among the conditions on the back thereof were the following:

· 4. "Any medical advisor of the company shall be allowed to examine the person or body of the assured in respect to any alleged injury as often as he requires."

5. "Immediately written notice of accident must be given to the general manager of New York city; affirmative proof of loss must be furnished as soon as the nature and extent of the same can be determined, and legal proceedings for recovery must be commenced within six months in case of death or of loss of sight or of limbs, and in case of weekly indemnity, within three months after disability ceases, and not later than fifteen months after the occurrence of the accident on account of which the claim arises."

A general demurrer to the petition was filed, which was sustained by the court of common pleas, and the plaintiff not caring to plead further, final judgment dismissing the petition was rendered.

We are of opinion:

1. That although ordinarily such copy of the policy does not constitute a part of the petition, yet the plaintiff having expressly made it so, it may be considered as a part of the petition for the purpose of disposing of a general demurrer thereto.

2. That whatever might be properly said as to the allegations of the petition excusing notice of the accident for so long a time, the mere refusal to furnish blanks for proof of loss without any reason assigned therefor, there being no showing that the claim was otherwise rejected or proof of loss, otherwise waived, does not of itself excuse or waive proof or loss; and there being in the petition no averment that proofs had been furnished, nor any general allegation of the performance of the conditions of the policy by the beneficiaries or representatives of the assured after his death, said petition does not state facts sufficient to constitute a cause of action.

Judgment affirmed.